UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE L. KRONENBERG, | ) | 1:12CV3105 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| LASHANN EPPINGER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Michelle Kronenberg ("Kronenberg") filed a petition pro se for a writ of habeas corpus arising out of her 2011 conviction for violation of a protective order, telecommunications harassment, and criminal trespass, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) In her petition, Kronenberg raises four grounds for relief:

    1. Violation of the Due Process Clause of the 5th and 14th Amendments. Defendant's right of allocution was not fully recognized, preventing the constitutional issues from being decided on their merit.

    2. Violation of the Due Process Clause of the 5th and 14th Amendments. The constitutional issues in this case should have been considered and decided by the Appellate Court under a plain-error analysis.

    3. Violation of the freedom of speech and press clause of the 1st Amendment and the Due Process Clause of the 14th Amendment. Ohio Telecommunications Harassment statute is unconstitutionally

vague on its face and as applied, as encoded in [Ohio Rev. Code §] 2917.21(B).

4. Violation of the freedom of speech and press clause of the 1st Amendment and the Due Process Clause of the 14th Amendment. Ohio Telecommunications Harassment statute is unconstitutionally overbroad on its face and as applied, as encoded in [Ohio Rev. Code §] 2917.21(B).

(Doc. 1, § 12.) The respondent has filed a Return of Writ (doc. 8), and Kronenberg has filed a Traverse (doc. 9).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual background:

Kronenberg and the victim had a brief work relationship in the early 1990s. That relationship terminated after a few months, but Kronenberg and the victim remained friendly for years. Kronenberg, however, started abusing the relationship by constantly calling the victim, sometimes calling the victim as many as 100 times a day, with no regard for the hour of the call. This abusive behavior led to several prosecutions starting in 2007.

In 2010, Kronenberg so monopolized the victim's telephone that no one else could reach him. If the victim was away from his telephone, Kronenberg would leave voice messages or directly call his employer to be put through to him. The breaking point came when Kronenberg began appearing at the victim's home, causing him to be concerned for his family. Kronenberg was convicted of telecommunications harassment with a specification showing that she had previously been convicted of telephone harassment in 2008. We affirmed the conviction on appeal. See State v. Kronenberg, 8th Dist. No. 94691, 2011–Ohio–1069, 2011 WL 827580. The trial court entered a protection order that prohibited Kronenberg from initiating or having contact with the victim in "any form."

The telephone calls made to the victim by Kronenberg occurred just after she had been released from the jail term ordered under the 2010

> conviction. Kronenberg testified that she had no place to stay and was running low on money and cigarettes, so she decided to call the victim to ask for his help. The victim took the call, but did not say anything. Kronenberg called back later that day saying that her intent in talking to the victim was that, while she was hurt that the victim had unilaterally terminated their friendship, she was "willing to let bygones be bygones." Importantly, Kronenberg testified that:
>
>> I had already, as far as violating the protection order, I already did. I called him that morning. The reason I called was to leave a message because at least I would have the chance to explain.
>>
>> I was going to be arrested for that phone call—that at least I was going to be able to explain what was going on. And I don't hold grudges. I needed help. I was in trouble at that point.
>
> The quoted testimony shows beyond all doubt that Kronenberg acted purposely by violating the protection order when she called and visited the victim.

(Doc. 8, RX 13, at 2-4; State v. Kronenberg, No. 96797, 2012 WL 504506, at *1-*2

(Ohio Ct. App. Feb. 16, 2012).)

> Kronenberg appealed her conviction, presenting four assignments of error:
>
> 1. Insufficient evidence supported a conviction for telecommunications harassment or felony violation of a protection order.
>
> 2. The manifest weight of the evidence did not support a conviction for telecommunications harassment or felony violation of a protection order.
>
> 3. The trial court erred in convicting appellant of telecommunications harassment because the statute suffers from unconstitutional vagueness.
>
> 4. The trial court erred in convicting appellant of telecommunications harassment because the statute is unconstitutionally overbroad.

3

(Doc. 8, RX 7.) The court of appeals affirmed Kronenberg's conviction. (Doc. 8, RX 13; Kronenberg, 2012 WL 504506.) Kronenberg filed a motion for reconsideration, which was denied. (Doc. 8, RX 14, 16.)

Kronenberg appealed to the Supreme Court of Ohio, setting forth four propositions of law:

> 1. A criminal defendant may preserve a constitutional attack on a statute for appellate review during her right of allocution.
>
> 2. Regardless of whether a defendant raises the issue at the trial court level, an appellate court may review newly raised attack on the constitutionality of a statute under a plain error analysis.
>
> 3. Ohio law prohibiting Telecommunications Harassment is unconstitutionally overbroad on its face and as applied, as encoded in RC § 2917.2l(B).
>
> [4.] Ohio law prohibiting Telecommunications Harassment is unconstitutionally vague on its face and as applied, as encoded in RC § 2917.2l(B).

(Doc. 8, RX 18.) On June 20, 2012, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, RX 20; State v. Kronenberg, 132 Ohio St.3d 1424, 969 N.E.2d 272 (2012).)

Kronenberg filed a petition for a writ of certiorari to the United States Supreme Court on Sept. 4, 2012. (Doc. 8, RX 21.) On Nov. 5, 2012, the Supreme Court denied certiorari. (Doc. 8, RX 22, 26; Kronenberg v. Ohio, 133 S.Ct. 578 (2012).)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

## III. GROUND ONE: ALLOCUTION

The first ground of the petition alleges a violation of the Due Process Clause, namely that Kronenberg's "right of allocution was not fully recognized, preventing the constitutional issues from being decided on their merit." (Doc. 1, §12.) The respondent asserts that this claim is noncognizable in federal habeas. (Doc. 8, at 8.)

Federal courts have consistently held that there is no federal constitutional right to allocution at sentencing. Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997); Thomas v. Booker, No. 2:09-CV-11520, 2009 WL 1133509, at *3 (E.D. Mich. Apr. 27, 2009); Williams v. Sheets, No. 1:04CV403, 2007 WL 184745, at *10 (S.D. Ohio Jan. 19, 2007). "The failure of a trial court to ask a defendant

represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." Hill v. United States, 368 U.S. 424, 428 (1962). See also Scrivner v. Tansy, 68 F.3d 1234, 1240 (10th Cir. 1995), cert. denied, 516 U.S. 1178 (1996) (citing Hill); Thomas, 2009 WL 1133509, at *3.

Kronenberg points out that Federal Criminal Rule 32 provides for a right of allocution. (Doc. 9, at 1.) However, that right derives from the Federal Rules of Criminal Procedure, and federal courts have recognized that the right of allocution is not based in the Constitution. See, e.g., United States v. Patterson, 128 F.3d 1259, 1260 (8th Cir. 1997) (per curiam) (citing Hill, 368 U.S. at 428).

The petition should not be granted on the basis of the first ground.

IV.  GROUND TWO:  IMPROPER APPELLATE REVIEW

The second ground of the petition alleges a violation of the Due Process Clause, in that Kronenberg contends that the "constitutional issues in this case should have been considered and decided by the Appellate Court under a plain-error analysis." (Doc. 1, §12.) Kronenberg takes issue with the appellate court's ruling that her third and fourth assignments of error (that Ohio Rev. Code § 2917.21(B) is unconstitutionally vague and overbroad) could not be considered on appeal because she had failed to raise the constitutionality of the statute in the trial court, "so she has waived the issue and cannot raise it for the first time on appeal." (Doc. 8, RX

7

13, at 7-8; Kronenberg, 2012 WL 504506, at *3 (citing State v. Awan, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986); see generally Stojetz v. Ishee, 389 F.Supp.2d 858, 953 (S.D. Ohio 2005) (citing Awan).) Kronenberg argues that the appellate court had the power to conduct a plain error review under Ohio Crim.R. 52(B), yet failed to do so. (Doc. 1, memorandum in support, at 3.)

The respondent contends that this claim is merely a "perceived error in the application of a state procedural rule," which is not cognizable on habeas review. (Doc. 8, at 9.) The Supreme Court of Ohio clarified that the waiver doctrine it had announced in Awan was discretionary: ". . . this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." In re M.D., 38 Ohio St.3d 149, 151, 527 N.E.2d 286, 288 (1988); see also Cobbin v. Hudson, No. 1:05 CV 2809, 2008 WL 552484, at *14 (N.D. Ohio Feb. 26, 2008).

The Supreme Court of Ohio's use of the phrase "this court," M.D., 38 Ohio St.3d at 151, 527 N.E.2d at 288, raises questions as to whether the application of Awan was "discretionary," or not, for the state courts of appeals. In any event, an alleged abuse of discretion by the state court, without more, is not a constitutional violation. Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001), cert. denied, 537 U.S. 831 (2002) (citing Sinistaj v. Burt, 66 F.3d 804, 808 (6th Cir. 1995)).

The petition should not be granted on the basis of the second ground.

V. GROUNDS THREE AND FOUR

The third and fourth grounds of the petition allege violations of the First Amendment and the Due Process Clause, contending that the Ohio Telecommunications Harassment statute, Ohio Rev. Code § 2917.21(B), is unconstitutionally vague (third ground) and overbroad (fourth ground) on its face, and as applied. (Doc. 1, §12.)

The respondent argues that these two grounds have been procedurally defaulted, because the state court of appeals found that the claims were not raised in the trial court, and thus had been waived for appellate review. (Doc. 8, at 13-17.)

Kronenberg appears to respond that she presented this issue to the trial court via a written statement which she had intended to read during allocution at the sentencing hearing, and which was subsequently entered into the record. (Doc. 9, at 1-2; see generally doc. 8, RX 8.) The state court clearly did not deem her post-conviction[1] insertion of her undelivered allocution statement into the record as an argument which had been presented at a proper point in the trial court proceedings.

---

[1] The defendant's right to allocution arises after her conviction. Under the Federal Rules, for example, Criminal Rule 32(i) concerns the sentencing phase. Before imposing sentence, the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Crim.R. 32(i)(4)(A)(ii). The right to allocation at sentencing, then, is "a right to make a statement on his own behalf or in mitigation of punishment." *United States v. Mitchell*, 392 F.2d 214, 215 (2d Cir. 1968) (citing *Green v. United States*, 365 U.S. 301 (1961)). The Ohio rule is similar. *See* Ohio Crim.R. 32(A)(1).

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).

Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman v. Thompson, 501 U.S. 722, 729-730 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977). The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for her not to follow the procedural rule, and that she was actually prejudiced by the alleged constitutional error. Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (citing Maupin v. Smith,

785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

The state court of appeals found that her third and fourth assignments of error could not be considered on appeal because she had failed to raise the constitutionality of the statute in the trial court, "so she has waived the issue and cannot raise it for the first time on appeal." (Doc. 8, RX 13, at 7-8; Kronenberg, 2012 WL 504506, at *3 (citing Awan, 22 Ohio St.3d 120, 489 N.E.2d 277).) This satisfies the first two factors of the Maupin analysis, demonstrating that there is a state procedural rule, which Kronenberg failed to comply with, and which was enforced by the state court. See generally Douglas v. Warden, Warren Correctional Inst., No. 2:10CV00547, 2013 WL 811407, at *12 (S.D. Ohio Mar. 5, 2013) (declining to consider constitutional argument because not raised in trial court, citing Awan). This procedural rule has been followed by a number of Ohio appellate courts, and constitutes an adequate and independent state ground. See, e.g., Stojetz, 389 F.Supp.2d at 953 (citing cases).

Kronenberg does not demonstrate that there was cause for her failure to raise this argument during trial. See generally doc. 9. She was represented by counsel at trial, and was represented by separate counsel on appeal. She made no argument of ineffective assistance of trial counsel on appeal, and has made no other showing of cause.

The third and fourth grounds of the petition have been procedurally defaulted.

## SUMMARY

The petition for a writ of habeas corpus should be denied.

The petition should not be granted on the basis of the first ground, because the right of allocution is not based in the Constitution, and is a state law issue. The second ground is based on an alleged abuse of discretion by the state court. Neither of these claims are cognizable for federal habeas relief. The third and fourth grounds of the petition have been procedurally defaulted.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:  Apr. 1, 2014                         /s/ Kenneth S. McHargh
                                             Kenneth S. McHargh
                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).