UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE L. KRONENBERG,** | ) | **CASE NO. 1:12 CV 3105** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **LASHANN EPPINGER, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kenneth S. McHargh ("R&R"). (**Doc #: 11**.) The Magistrate Judge recommends that the Court deny the petition for a writ of habeas corpus filed, *pro se*, by Petitioner Michelle L. Kronenberg. (**Doc #: 1**.) The petition arises out of her 2011 convictions for violating a protective order, telecommunications harassment, and criminal trespass. The protective order she violated arose from her previous conviction for harassing, via telecommunications, the same victim.

Kronenberg challenges her conviction for telecommunications harassment under O.R.C. § 2917.21(B) contending that the statute is unconstitutionally vague and overbroad under the First and Fourteenth Amendments. She further asserts that the trial court violated Due Process by not fully recognizing her right of allocution when she allegedly presented her constitutional issues via a five-page *ex parte* submission to the sentencing judge, and that the appellate court violated due process by failing to conduct plain-error analysis of those constitutional issues.

After reviewing the merits briefs, the Magistrate Judge correctly concluded that Kronenberg procedurally defaulted the constitutional claims; there is no federal constitutional right to allocution at sentencing; and the appellate court's failure to conduct plain-error analysis of procedurally defaulted claims is not cognizable on federal habeas review.

Kronenberg has filed Objections to the Report and Recommendation raising the exact same arguments she presented to the Magistrate Judge in her petition, merits brief and traverse – all of which the Magistrate Judge addressed. (**Doc #: 13**.) The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1). The Court is under no obligation, however, to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 WL 2794246, at *7 (S.D.Ohio Jul. 14, 2010) (citation omitted). Nonetheless, the Court has reviewed the record and agrees with the Magistrate Judge's conclusions.

In sum, because Kronenberg cannot show that the either the state trial or appellate court issued a decision that was contrary to, or involved the unreasonable application of, clearly established federal law, her objections are **OVERRULED**. Accordingly, the Court **ADOPTS** the thorough and well-written R&R in its entirety (**Doc #: 11**) and **DENIES** the Petition (**Doc #: 1**.).

**IT IS SO ORDERED.**

                                               /s/ Dan A. Polster    April 17, 2014
                                               **Dan Aaron Polster**
                                               **United States District Judge**